**UNITED STATES of America, Plaintiff,**

v.

**MAC CEMENT FINISHING CORPORATION, V. Brown Floor, Inc. and Thaddeus E. Dziergas, Defendants.**

**No. 77-CV-134.**

United States District Court,
N. D. New York.

June 18, 1982.

Stephen T. Lyons, Dept. of Justice, Tax Div., Washington, D.C., for plaintiff.

Peter P. Panels, Panels & Panels, Syracuse, N.Y., for defendant V. Brown Floors, Inc.

MEMORANDUM–DECISION and ORDER

MINER, District Judge.

In this action the Government seeks to reduce to judgment an outstanding federal tax liability of defendant Mac Cement Finishing Corporation (hereinafter "Mac"), to foreclose federal tax liens against certain real property located at Syracuse, New York, and to obtain a deficiency judgment against Mac for such part of the tax liabili-

---

ty as remains unsatisfied after the foreclosure. Jurisdiction is asserted under the provisions of 26 U.S.C. §§ 7402 and 7403 and of 28 U.S.C. §§ 1340 and 1345. The action has been submitted for the Court's determination upon a stipulation of facts entered into by the attorney for the plaintiff and the attorney for defendant V. Brown Floors, Inc. (hereinafter "Brown").

## II

On June 3, 1974 and on June 10, 1974, the Internal Revenue Service assessed tax liabilities against Mac in the amount of $13,-046.69 for unpaid tax liabilities for the first three quarters of 1973. A notice with demand for payment was served upon Mac on the same dates. As a result of the assessments, a lien in favor of the United States attached to all real property belonging to Mac. 26 U.S.C. § 6321.

On July 17, 1974, certain real property consisting of a building and lot located at 449 Shonnard Street, Syracuse, New York, was conveyed by Mac to Brown. At that time, James McConnell was the sole shareholder of Mac and his uncle, Vernon Brown, was the sole shareholder of Brown. Mac had acquired the property on July 31, 1972 from defendant Thaddeus E. Dziergas for the total sum of $15,000—$3,000 in cash and the balance in the form of a purchase money mortgage held by Dziergas. The consideration for the conveyance from Mac to Brown was $7,857.01—$500 in cash and the balance by the assumption of the Dziergas mortgage. The fair market value of the property at the time of the transfer was $17,000.[1]

A notice of lien with respect to the assessment against Brown was not filed until September 17, 1974. Accordingly, the parties have agreed that the sole issue before the Court is whether Brown was a "purchaser" within the meaning of 26 U.S.C. § 6323(h)(6).[2]

## III

The Internal Revenue Code provides that a lien for unpaid taxes shall not be valid against a purchaser, as defined in the Code, until notice of the lien has been filed. 26 U.S.C. § 6323(a). Here, no notice was filed until after the conveyance to Brown. A purchaser is defined as "a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice." 26 U.S.C. § 6323(h)(6). Since no issue has been raised respecting notice to Brown, the inquiry here must focus on whether Brown's payment for the property constituted an adequate and full consideration.

■ Little guidance has been furnished for the measurement of adequate and full consideration. Obviously, where nothing of value has been furnished, such consideration is lacking. *Coventry Care, Inc. v. United States,* 366 F.Supp. 497 (W.D. Pa. 1973) (25% interest in proposed business venture, given in return for promissory note, found to be valueless). The amount paid cannot be so small as to have little worth relative to the value of the property acquired, but a bona fide bargain purchaser is not precluded. S. Rep. No. 1708, 89th Cong., 2nd Sess. 14, *reprinted in* 5 Rabkin and Johnson, Federal Income, Gift and Estate Taxation § 73.06B(12) p. 7339f. However, the consideration should have a reasonable relationship to the true value of the property acquired. 26 CFR § 301.6323(h)–1(f)(3).

■ Here, the consideration paid ($7,857.01) was approximately 45% of fair

---

1. "On July 17, 1974, the fair market value of the property located at 449 Shonnard Street, Syracuse, New York, was $17,000." (¶ 5, Stipulation of Facts).

2. This issue relates solely to the foreclosure of the lien. Since Mac has defaulted in answering, its liability is not in issue here, and judgment may be entered accordingly. The mortgage held by defendant Dziergas has been com-

market value [3] ($17,000). By virtue of the stipulation of the parties and the consequent limitation of the evidence available to the Court, there is no showing that Brown was a bona fide bargain purchaser. Upon the facts presented, the Court finds that the consideration paid did not have a reasonable relationship to the property's true value and, therefore, that Brown was not a purchaser within the Code's definition. To put it another way, the consideration furnished by Brown cannot be designated "full" in any sense, even if it were possible to characterize it as "adequate." Accordingly, the Government is entitled to the relief sought in the complaint.

### IV

The foregoing constitutes the findings required under the provisions of Fed. R. Civ. P. 52(a). The attorney for the Government is directed to settle a judgment, consistent with the foregoing, on notice to the attorney for defendant Brown.

It is so Ordered.

pletely liquidated, and the Court determines that he has no interest in the property.

**3.** Fair market value commonly is defined as an "amount at which property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having knowledge of the relative facts." *Black's Law Dictionary* 537 (5th ed. 1979).